Paul J. Epstein, Esq. City Attorney, Beacon
You have asked whether a city, consistent with Article VIII, section 1 of the New York Constitution, may donate real property to a not-for-profit corporation formed to build affordable housing.
You have explained that the program involves the construction of reasonably priced houses to be marketed to qualified first-time home buyers whose housing needs are not being met.
Article VIII, section 1 of the State Constitution prohibits a local government from giving or loaning any money or property to any individual, private corporation or association or private undertaking. Under this provision, a local government may not make gifts or loans of its property or funds (Union Free School Dist. No. 3 v Town of Rye,280 N.Y. 469 [1939]). An incidental benefit to a private party, however, does not invalidate a municipal expenditure which otherwise serves a public purpose (Matter of Murray v LaGuardia, 291 N.Y. 320 [1943]; YonkersCommunity Development Agency v Morris, 37 N.Y.2d 478, 482 [1975]; Murphyv Erie County, 28 N.Y.2d 80, 87-88 [1971]).
In a previous opinion of this office, we summarized Attorney General opinions finding that municipal expenditures, while involving some incidental private benefit, served a valid public purpose and, therefore, met constitutional requirements.
 "In the past, we have concluded that a municipality's home rule powers allow it to carry out programs that incidentally benefit private parties as long as a valid public purpose is served at the same time. Valid public purposes have been found in municipal actions to permit blind persons to operate vending concessions on county property (1984 Op Atty Gen [Inf] 137); county funding for a migrant child care center (1985 Op Atty Gen [Inf] 98); town subsidies to extend cable TV service within the town (1985 Op Atty Gen [Inf] 168); and county funded employee incentive award programs (Op Atty Gen No. 86-42); see, also, 1981 Op Atty Gen (Inf) 97; 1980 Op Atty Gen (Inf) 88; 1979 Op Atty Gen (Inf) 60. In each of these instances it was concluded that the municipality's power to pass laws to promote the `. . . protection, order, conduct, safety, health and well-being of persons or property [within the municipality]' (NY Const, Art IX, § 2; Municipal Home Rule Law, § 10 [1] [ii] [a] [12]) authorized the actions, even though an incidental benefit to private parties was included" (1987 Op Atty Gen [Inf] 58).
In our view, the donation of property by a city for an affordable housing program designed to make housing available to first-time home buyers whose housing needs would not otherwise be met serves a valid public purpose and is not an unconstitutional gift of public funds. Such a program serves the municipality's interests by retaining residents who contribute to the local economy and the local tax base. Also, the construction program will create jobs, thereby benefitting the local economy. Subsidized housing for needy segments of the population has been recognized as a worthy public purpose (see N Y Const, Art XVIII, authorizing urban renewal and 1987 Op Atty Gen [Inf] 58, finding that a county may donate a building for housing for the elderly and handicapped).
We conclude that the donation of property by a city for an affordable housing program designed to make housing available to first-time home buyers whose housing needs are not being met serves a valid public purpose and is not an unconstitutional gift of public funds.